IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KEITH BERRY and,** | ) | **CIVIL ACTION NUMBER:** |
| **TOM WADE,** | ) | |
|     **Plaintiffs** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **JURY DEMAND** |
| **BRIDGESTONE RETAIL** | ) | |
| **OPERATIONS, LLC,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## COLLECTIVE CLASS ACTOIN COMPLAINT

**COME NOW** the Plaintiffs KEITH BERRY ("BERRY") and TOM WADE ("WADE") , individually and on behalf of all others similarly situated as collective representatives (collectively "Plaintiffs"), and file this lawsuit against Defendant, BRIDGESTONE RETAIL OPERATIONS, LLC, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1.

Defendant is a Tennessee Limited Liability Company registered and conducting business in the State of Georgia.  Defendant's registered agent for

1

service in Georgia is National Registered Agents, Inc. 289 S. Culver Street, Lawrenceville, GA, 30046-4805.

2.

Plaintiffs Wade and Berry currently reside in the State of Georgia.

3.

At all times material to this action, Plaintiffs were employed by Defendant at their respective stores as a "Retail Store Manager." Plaintiff Berry worked at Defendant's "Firestone Complete Auto Care" store located at 3661 Eisenhower Parkway, Macon, Georgia and Plaintiff Wade worked at the Defendant's "Tire Plus" store located at 4617 Forsyth Road, Macon, Georgia.

4.

This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the provision of the Act found at §216(b) to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiffs, and those similarly situated, of their lawful wages.

5.

This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiffs, pursuant to the FLSA. Defendant has a practice of consistently requiring its Store Managers to work over 40 hours a

week for a salaried amount without overtime compensation.

Plaintiffs brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons whom Defendant classified as exempt from overtime requirements, who worked more than 40 hours a week for Defendant at any time between three years prior to the filing of this action, and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

Plaintiffs and the FLSA Collective (hereinafter jointly referred to as "Plaintiffs") are similarly situated in that they had substantially similar job duties and were subject to Defendant's common compensation policies, patterns, and/or practices, including, without limitation, Defendant's misclassification as non-exempt from the protections of the FLSA.

Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. There are many similarly situated current and former employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located

through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

6.

Plaintiffs were employed with Defendant in the position of Store Manager. However, Plaintiffs' managerial duties were non-existent or extremely minimal as compared to other job duties regularly performed.  The Plaintiffs perform(ed) minimal, if any, managerial duties. All, or nearly all, of their time is/was spent performing non-managerial functions, including, but not limited to the following: running the cash register, stocking parts, changing tires, performing mechanic duties, interacting with customers, sweeping the floors, cleaning the bathroom, sweeping the parking lot, counting inventory, pulling old stock off of the shelves, etc.

7.

Plaintiffs' primary duty did not consist of the management of the location where he/she worked; rather, that responsibility was left to the District Manager. Plaintiffs did not have the authority to:   hire and fire assistant managers; promote employees, give pay raises; or discipline any hourly employees without authority from his/her District Manager.  Plaintiffs' suggestions and/or recommendations as to the hiring, firing or promotion of employees was not always accepted and/or

given any particular weight by his/her District Manager.   The District Manager was empowered with this authority.

8.

Plaintiffs did not customarily and regularly exercise discretionary powers. Those duties were handled by the District Manager.

9.

Plaintiffs were paid a specified weekly salary.   Plaintiffs were not paid any overtime compensation despite the fact that the employees always worked more than 40 hours a week, generally over 50 hours a week, and the vast majority of his/her hours were spent performing non-managerial job duties. Plaintiffs seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

10.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§1331 and 1337.   Venue is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. §1391(b). In addition, this Court has jurisdiction over the Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

11.

Defendant is subject to personal jurisdiction in the State of Georgia for the

purpose of this lawsuit.

12.

At all times material to this action, Defendant was and are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

13.

At all times relevant to this action, Defendant was the "employer" of Plaintiffs as defined by §203(d) of the FLSA.

14.

At all times material to this action, Plaintiffs was/were an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States.

15.

The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and the plaintiffs are or were covered by §§206 and 207 of the FLSA during their employment at Defendant.

16.

At all times relevant to this action, Defendant employed Plaintiffs in the capacity of Store Manager.

17.

Plaintiffs were required to perform non-managerial duties without overtime compensation.

18.

Defendant has intentionally failed and/or refused to pay Plaintiffs salary/rates according to the provisions of the FLSA.

19.

Defendant's systems and practices relating to their non-payment of overtime to the plaintiffs, which deprive the defendant of any FLSA overtime exemptions, have existed throughout Defendant's businesses.

20.

For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA. Despite this knowledge, Defendant has failed to pay the plaintiffs the amount of pay as required.

21.

Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to their Store Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees

regarding their entitlement to monies owed to them.   Plaintiffs relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

22.

As a result of the actions of Defendant in fraudulently concealing the true status of their employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years.   Defendant is estopped from raising such statute of limitations as a bar.

23.

Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with §207 of the FLSA.

24.

As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

25.

In addition to the amount of unpaid wages and benefits owed to the plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

26.

Defendant's actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

27.

Defendant has not made a good faith effort to comply with the FLSA.

28.

Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

29.

Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

30.

Plaintiffs are now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

1. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

2. Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

3. An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

4. Pre-judgment and post-judgment interest;

5. Attorneys' fees and costs of the action, including expert fees;

6. Reasonable incentive award for the named Plaintiff to compensate them for the time spent attempting to recover wages for other opt-in plaintiffs and for the risks they took in doing so;

7. A declaratory judgment that the practices complained of herein are unlawful; and

8. Such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted this ___ day of _____, 2018,

/s/ William Gregory Dobson
WILLIAM GREGORY DOBSON
Georgia Bar #237770
A. Danielle McBride
Georgia Bar # 800824
Counsel for the Plaintiff
LOBER & DOBSON, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
(478) 745-4888 (facsimile)

/s/Michael J. Lober
Michael J. Lober
Georgia Bar#455580
Counsel for Plaintiffs
Lober & Dobson, LLC
301 Creekstone Ridge
Woodstock, GA 30188
(770) 741-0700
mjlober@lddlawyers.com